IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN MICHAEL DOMINY, | Civil No. 3:25-cv-1892 |
| Plaintiff | (Judge Mariani) |
| v. | |
| SUPERINTENDENT HARRY, *et al.*, | |
| Defendants | |

**MEMORANDUM**

Plaintiff Brian Dominy ("Dominy"), an inmate confined at the State Correctional Institution, Rockview, in Bellefonte, Pennsylvania ("SCI-Rockview"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Along with the complaint, Dominy filed a motion for leave to proceed *in forma pauperis*. (Doc. 2). Preliminary review[1] of the complaint reveals that it is in violation of Federal Rule of Civil Procedure 8(a). Review of the complaint also reveals that Dominy improperly includes unrelated claims against multiple Defendants in violation of Rule 20(a)(2). Mindful of the wide latitude given to *pro se* plaintiffs, the Court will provide Dominy an opportunity to correct these pleading errors by filing an amended complaint which strictly complies with Rule 8 and Rule 20.

---

[1] Federal law requires the court to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

I.  **Factual Background**

Dominy commenced this action with the filing of a *pro se* complaint on or about October 8, 2025. (Doc. 1). Named as Defendants are Secretary Laurel Harry, Superintendent Bobbi Jo Salamon, Deputy Superintendent S. Woodring, Deputy Superintendent Michael Rowe, Deputy Superintendent Tim Miller, Major Vangorder, Unit Manager Craig Miller, Corrections Officer Cessna, Corrections Officer Renee Wolff, Corrections Officer Cramer, Corrections Officer McIntyre, Corrections Officer Rickabugh, Corrections Officer Corl, Corrections Officer Sharrow, Corrections Officer Irvin, and two John Doe Corrections Officers. (*Id.*).

Dominy asserts that the events giving rise to his claims occurred on the following dates: November 1, 2023, November 7, 2023, January 2, 2024, January 5, 2024, January 31, 2024, February 9, 2024, May 21, 2024, August 29, 2024, October 21, 2024, January 10, 2025, January 14-16, 2025, January 20, 2025, February 26, 2025, March 17, 2025, and August 3, 2025. (Doc. 1, at 4).

Dominy alleges that the Defendants committed various constitutional violations including, *inter alia*, subjecting him to deliberate indifference and cruel and unusual punishment, denial of religious meals, interference with the right to practice his religion, denial of the right to equal protection, and denial of a mattress. (*Id.* at 4-5, 11-13). Dominy also alleges that he was subjected to an unreasonable search and seizure, and he is falsely imprisoned. (*Id.* at 12). He also appears to allege that he was denied the right to present a

2

witness on his behalf during a hearing before the Program Review Committee. (*Id.* at 11, 13).

Dominy seeks injunctive relief, immediate parole, an Order directing Department of Corrections' employees to wear body cameras, and monetary relief. (*Id.* at 5, 13-14).

## II. Discussion

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise, and direct." Rule 20(a)(2), states that "[p]ersons…may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

The complaint violates Federal Rules of Civil Procedure 8 and 20. Dorniny's complaint is intelligible. The problem is that it involves multiple unrelated complaints about his confinement at SCI-Rockview including violations of his right to practice his religion,

violation of his right to equal protection, poor conditions of confinement, deliberate indifference, cruel and unusual punishment, and false imprisonment, among others, and his allegations concern numerous events and encounters spanning from November 2023 through August 2025. (*See* Doc. 1). The claims against the various Defendants identify separate unrelated transactions and occurrences that do not involve an issue of law or fact common to all Defendants, in violation of Rule 20.

Noncompliance with Rule 20 is particularly problematic in cases under the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA substantially changed judicial treatment of prisoner civil rights actions. Specifically, under the PLRA, the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of independent claims in a civil action without making the required connection among joined Defendants under Rule 20 would circumvent the filing fee requirement of the PLRA.

### III. Conclusion

Despite the above-noted deficiencies, the Court will grant Dominy's motion to proceed *in forma pauperis* and direct him to file an amended complaint. Any amended complaint must comply with both Rule 8 and Rule 20. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: October 10, 2025

4